## JACOB GLOS

### *v.*

## MINNIE DAVIS.

*Opinion filed June 23, 1905—Rehearing denied October 12, 1905.*

1. APPEALS AND ERRORS—*failure to point out specific objection is a waiver.* Failure to designate or point out a specific objection or argue it in the brief is a waiver of such objection, even though it be assigned as error upon the record.

2. CLOUD ON TITLE—*what evidence is a sufficient substitute for actual proof of ownership.* Proof that complainant in a bill to remove a cloud from title was in actual possession, claiming to own the fee under a quit-claim deed, at the time the bill was filed, will be received as a substitute for actual proof of ownership, where there is no contradictory evidence.

3. SAME—*what sufficient proof of possession.* Proof that complainant, on the morning of the day the bill to remove a cloud from title was filed, caused to be erected a post-and-wire fence around the lot and placed a "for sale" sign thereon, giving the address of her attorney as agent, is sufficient to show possession.

4. SAME—*proof of possession at the time the bill was filed is sufficient.* Proof that the complainant in a bill to remove a cloud from title was in possession of the lot at the time the bill was filed is sufficient, regardless of the length of time such possession had continued prior to the filing of the bill.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is a bill, filed on March 22, 1904, in the Superior Court of Cook county by appellee against appellant to set aside two tax deeds, conveying to appellant lot 24, block 8, in McChesney's Hyde Park Homestead subdivision of the south half of the south half of the north-east quarter of section 22, township 38, north, range 14, east of the third principal meridian in Cook county, Illinois; the first deed being dated August 26, 1902, issued in pursuance of a sale on September 21, 1899, of said lot for the delinquent general taxes for the year 1898; and the other deed being dated October 25, 1902, issued in pursuance of a sale on Novem-

ber 9, 1899, to one A. A. Timke for a delinquent special assessment, wherein the certificate of sale, issued to Timke, was afterwards assigned to appellant.  The bill alleged that the tax deeds were invalid for a number of reasons, among which were these : that there was no valid precept or process for the tax sale, and that the delinquent list was filed in the office of the county clerk, instead of being filed with the clerk of the county court.  The bill prayed that the deeds be set aside as clouds upon appellee's title.  The bill was answered by appellant, who denied the deeds were invalid, and alleged that he thereby acquired a valid legal title to the premises.

Upon the hearing of the cause, after the introduction of documentary and oral testimony, the court rendered a decree on January 17, 1905, finding that appellee was the owner of the premises and in possession thereof at the time of filing the bill ; that the tax deeds were void for want of valid process, as required by the statute, and were clouds upon appellee's title, and decreed that the same be canceled and set aside upon appellee's paying within five days the sum of $38.92 to appellant, or to the clerk of the court for his use, etc., which amount was tendered in open court to appellant by appellee, but appellant refused to accept the same ; and it was ordered to be paid to the clerk of the court for the use of appellant, which was done.  The present appeal is prosecuted from the decree so rendered.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel.)

ARTHUR E. BEERS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

In this case, although the assignment of errors was broad enough to include the grounds, upon which the court declared the tax deeds in question to be void, yet the fact, that they are void for the reasons stated, is not contested or disputed by counsel for appellant in his argument before this

court. The failure to designate or point out a specific objection, or argue it in the brief, is a waiver of such objection, even though it be assigned as error upon the record. (*City of Springfield* v. *Coe*, 166 Ill. 22).

The only point, made by the appellant in favor of the reversal of the decree, is that the appellee did not establish by the proof her ownership and possession of the property.

Arthur E. Beers, attorney for appellee, testified as follows: "On the day before the bill was filed, the complainant called at my office with the quit-claim deed, which I will introduce in evidence; on the morning of the day that the bill was filed, I went on the property described in the bill of complaint, and I found there Mr. Davis, the husband of the complainant, fencing in the property. I called on Mrs. Davis and she said. * * * As her attorney and agent I went on the property and took possession of it, and fenced in the property, and put up a 'for sale' sign; that was on the morning that the suit was filed; then I came down town, after taking possession, and filed the bill of complaint in this case. The fence was completed on the morning of the day that the bill was filed. * * * The lot in question is situated on Vernon avenue, being the fourth lot on the west side of the street, north of the first alley north of Sixty-seventh street. * * * On the morning that the suit was filed I put a sign on it 'For sale, A. E. Beers, 907-100 Washington St.' Mr. Davis was there then with the wagon and with the posts putting up the fence. It was a wire fence; the posts were eight feet apart and three or four of them were up; I assisted. I think he generally dug the post-holes; they were about a foot deep; I did not purchase or pay for any of the materials in the fence; Davis took it from his back yard. I don't know that it came from the back yard of the Davises personally; the same sidewalk on the street in front of the lot that was there before, was there on the day the bill was filed; before that it was absolutely vacant. It was about half-past eight in the morning of the day that the bill was

filed that I was there; Davis was working on the fence when I got there that morning, and then I came to the city and filed the bill, after going to my office."

On the trial below, appellee introduced a quit-claim deed, dated March 18, 1904, executed by Jennie C. Gould and husband, conveying said lot to appellee, which said deed was acknowledged on March 18, 1904, the day of its date, and recorded in Cook county on March 22, 1904.

The proof above recited shows that, when the bill was filed, appellee was in the possession of the lot under a claim of ownership by virtue of the quit-claim deed executed to her. This proof was *prima facie* evidence of ownership, and, as no testimony was introduced contradicting it, it was sufficient to justify the decree of the court below.

Where the complainant in a bill to remove a cloud on title to land shows that he is in the actual possession of the property, claiming to own the same in fee at the time of beginning his suit, such possession and claim will be received as a substitute for actual proof of ownership. (*Hughes* v. *Carne*, 135 Ill. 525).

The facts here were sufficient to show possession, and, although it appears that possession of the lot was taken on the same day on which the bill was filed, yet it also appears that the bill was filed after the taking of such possession. The lot was fenced in with a wire fence, strung upon posts eight feet apart. A sign "For Sale," was also put upon the property, stating that it was for sale by the attorney of the appellee, and giving the business address of such attorney. In *Gage* v. *Hampton*, 127 Ill. 87, a post-and-four-board fence was put around certain lots, and it was held that the enclosure of the property with such post-and-four-board fence gave the appellant in that case possession of the property. The same kind of possession was taken of the property in controversy here.

In *Glos* v. *Gleason*, 209 Ill. 517, we said (p. 520): "The proof in this case shows that, at the time the bill was filed,

complainant was in the possession of the property, claiming in good faith to be the owner thereof, under a deed conveying the same to him. This is sufficient proof of title where the only cloud, which complainant seeks to remove, is a tax deed. The evidence here is sufficient to sustain the finding in the decree that the complainant is the owner of the property." In the case at bar, the appellee, at the time of taking possession, was claiming the property in good faith as owner under the deed to her, and this was sufficient proof of her title, inasmuch as the only clouds, which she sought to remove, were two tax deeds. (See also *Coombs* v. *Hertig,* 162 Ill. 171; *Hewes* v. *Glos,* 170 id. 436; *Glos* v. *Gerrity,* 190 id. 545; *Glos* v. *Miller,* 213 id. 22; *Glos* v. *Archer,* 214 id. 74).

It is said by counsel for the appellant that the proof does not show that the fence around the lot in question was built by the appellee. The reason, given for this statement, is that the proof does not show that the husband of appellee who built the fence, was her agent. The proof, however, does disclose that Beers was the agent and attorney of appellee, and that he went upon the property, and assisted appellee's husband in building the fence; and Beers swears that he took possession by such erection of the fence before the bill was filed. While the proof is not as clear and full as it might be, we think it establishes the fact that the enclosure of the lot by a fence was done by the agent and representative of the appellee.

It is also said that the possession had not continued a sufficient length of time before the filing of the bill. The rule is that "the possession must exist at the time of the filing of the bill;" and, here, the proof does show that appellee was in possession at the time of the filing of the bill. (*Glos* v. *Archer, supra,* and cases therein cited on page 76).

We see no sufficient reason for reversing the decree entered by the trial court in this case. Accordingly, the decree of the Superior Court of Cook county is affirmed.

*Decree affirmed.*