Courtenay Barber, Defendant in Error, v. Mellish-Hayward Company, Plaintiff in Error.

Gen. No. 23,468.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed January 28, 1918.

## Statement of the Case.

Action by Courtenay Barber, plaintiff, against Mellish-Hayward Company, a corporation, defendant, to recover $478.65 on one and $727.20 on the other of two written promises of defendant to pay plaintiff certain insurance premiums, with interest. From a judgment for $1,431.03 for plaintiff, defendant brings error.

GEORGE D. WELLINGTON and ERNEST W. CLARK, for plaintiff in error.

HENRY T. CHACE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 866*—*requisites of abstract.* An abstract must state enough of the record to permit the errors assigned to be determined from the recitations of the abstract.

2. APPEAL AND ERROR—*when evidence not reviewed.* Errors assigned as to the admission and rejection of evidence cannot be reviewed where the abstract contains none of the pleadings.

3. PLEADING—*when affidavit of merits insufficient to take place of plea of non est factum.* An affidavit of merits *held* insufficient to take the place of a plea of *non est factum*, which was the defense attempted to be made by the evidence, notwithstanding it challenged the sufficient execution of certain insurance policies referred to in certain written instruments to pay premiums thereon sued on.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. APPEAL AND ERROR, § 864*—*when record not searched for information to reverse judgment.* To reverse a judgment, the reviewing court will not go to the record for information which the plaintiff in error should have furnished in the abstract.

5. APPEAL AND ERROR, § 1752*—*when judgment affirmed.* A judgment will be affirmed where appellant fails to file a complete abstract or abridgment of the record as required by rule 18 of the Appellate Court, and the evidence, as ascertained from the statements in the briefs, is conflicting.

