## Jenkin Jenkins, Sheriff, for use of Mathias Henderser, Appellee, v. J. J. Lahey, Appellant.

1. REPLEVIN, § 175*—*what not a defense in action on bond.* A recital in a replevin bond of the court of which the writ is to issue is not a recital of any essential matter required by the statute, and the fact that a surety agreed to sign such a bond only in the event that the action was filed in the circuit court would not be a defense in a suit on the bond when the proceedings were in a city court.

2. ALTERATION OF INSTRUMENTS, § 21*—*when material changes not shown.* In an action on a replevin bond, a verdict of the jury in favor of the plaintiff would not be disturbed although there was testimony of an attorney for the defendant surety that he added the letter "s" to the word "defendant," inserted the name of another person as defendant, and changed the date of the bond after it had been signed, especially as the defendant did not remember when he signed the bond.

3. APPEAL AND ERROR, § 864*—*necessity that errors be shown by abstract.* A judgment will not be reversed for errors which do not appear in the abstract.

4. CONTINUANCE, § 7*—*when amendment not ground for.* In an action on a replevin bond, it was not error to refuse a motion for a continuance based on the grounds of surprise when an amended replication to a plea was filed alleging the existence of a chattel mortgage, as the evidence showed that the parties knew of the chattel mortgage at the time of the replevin suit.

5. REPLEVIN, § 206*—*when evidence sustains recovery on bond.* Evidence in an action on a replevin bond *held* to sustain a claim that a party lost goods by reason of a replevin writ, and that they were not returned to him.

6. REPLEVIN, § 203*—*what is evidence of value of goods in action on bond.* The value of goods as stated in an affidavit and bond in a replevin suit is presumed to be at least prima facie evidence of the value in a suit on the bond.

7. REPLEVIN, § 209*—*when damages not excessive in action on bond.* An award of damages of $1,000 in a suit on a replevin bond, *held* not excessive when the plaintiff's usee testified that the goods were worth $1,300, and such proof was not overcome by the proof of defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

J. B. HARRIS, for appellant.

HAROLD J. BANDY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action on a replevin bond brought by Jenkin Jenkins, ex-sheriff of Madison county, for the use of Mathias Henderser against appellant to the December term, 1918, of the city court of Granite City. The suit was originally brought against Mary Berkovitz and appellant, but no service was had upon Mrs. Berkovitz and the case was dismissed as to her. Upon trial before a jury, appellee recovered a verdict for $1,000, for which amount judgment was rendered.

The replevin bond upon which this suit was brought was taken by the sheriff on the 15th day of April, 1915, in an action of replevin instituted in the city court of Granite City by Mary Berkovitz against Mathias Henderser and C. T. Cowgill. Upon trial of the same the issues were found for the defendants and a writ of *retorno habendo.* awarded. It appears from the evidence in this case that the chattels replevied were not returned to the defendants in the replevin suit, and this action was brought to recover their value, together with costs and damages. The bond filed in the replevin suit on which this action is brought is as follows:

"Know all men by these presents, That we, Mary Berkovitz, as principal, and Paul Smith and J. J. Lahey as sureties, are firmly bound unto Jenkin Jenkins, sheriff of the county of Madison, in the State of Illinois, and to his successors in office, executors, administrators and assigns in the penal sum of fifteen hundred dollars, lawful money of the United States, for the payment of which sum we do hereby jointly and

severally bind ourselves, our heirs, executors and administrators. The condition of this obligation is such that, whereas, on the fifteenth day of April, A. D. 1915, the said Mary Berkovitz sued a writ of replevin out of the circuit court of the said county of Madison against Mathias Henderser and C. T. Cowgill, defendants, for the recovery of the following described goods and chattels, to wit:

"The fixtures and stock of groceries, provisions and merchandise contained in the two-story frame building located at 1712-1714 Maple street, on lot six in block 'C' of the First Addition to Granite City; and the horse and wagon used in conducting said business.

"Now, if the said Mary Berkovitz, plaintiff, shall prosecute her suit to effect and without delay, and make return of said property, if return thereof shall be awarded, and save and keep harmless the said sheriff in replevying the said property, and pay all costs and damages occasioned by wrongful suing out said writ of replevin, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals this fifteenth day of April, A. D. 1915.
    (Signed)

        Mary Berkovitz (Seal)
        Paul Smith (Seal)
        J. J. Lahey (Seal)

"Taken and approved by me this 15th day of April, A. D. 1915.

                Jenkin Jenkins,
                        Sheriff.
            By Ed. Hagnauer,
                        Deputy.

State of Illinois, }
Madison County. } ss.

"Paul Smith, George Nemeth and J. J. Lahey, the within named sureties, being first duly sworn, upon their respective corporal oaths say that they are collectively worth more than two thousand dollars over and above their exemptions, incumbrances and liabilities.

                Paul Smith.
                J. J. Lahey.

"Subscribed and sworn to before me this 15th day of April, A. D. 1915.

(Seal)                    J. B. Harris,
Notary Public."

It appears from the proofs that the plaintiff and defendants named in the bond were the same as those named in the affidavit filed in the replevin suit by the plaintiff therein, and the identical chattels listed in the affidavit are named in the bond; also that the affidavit and bond were executed on the same day, or at least bear the same date, and were to be used in a suit entitled Mary Berkovitz v. Mathias Henderser and C. T. Cowgill, and that the bond was given to indemnify the sheriff in replevying the chattels claimed by Mrs. Berkovitz in her affidavit. It will be observed that the bond above set forth states "The condition of this obligation is such that, whereas, on the fifteenth day of April, A. D. 1915, the said Mary Berkovitz sued a writ of replevin out of the circuit court of the said county of Madison," etc. The writ of replevin, however, was not sued out of the circuit court of Madison county, but as has already been seen out of the city court of Granite City. The declaration alleges that although it is set forth in the bond that a writ of replevin was sued out of the circuit court of Madison county, "as a matter of fact, the signers of the said writing obligatory, who are the defendants herein, intended and meant the city court of the City of Granite City, in the county of Madison and State of Illinois."

Appellant testified that he did not intend to become surety for Mary Berkovitz in any action in the city court of Granite City and that he expressly told her and her attorney, J. B. Harris, at the time he signed the bond, he would sign as surety only in the event the action was filed in the circuit court. It is the contention of appellant's counsel that appellant became surety upon a bond to indemnify the sheriff in serving a writ of replevin which Mary Berkovitz intended to

sue out of the circuit court, and that as the writ was issued out of the city court of Granite City, appellant is not liable thereon. The bond and writ were delivered to the sheriff by J. B. Harris, who was then attorney for Mrs. Berkovitz and who is now attorney for appellant. By virtue of such writ and bond, Mrs. Berkovitz obtained possession of the property described in both affidavit and bond as well as the writ, and notwithstanding the judgment of the court, did not return the same to the defendants in that suit. The recital in the bond of the court, out of which the writ is to issue, is not the recital of any essential matter required by the statute. If such recital were omitted, or left blank, the bond would be just as obligatory. In the case of *Hotz v. Bollman Bros. Co.*, 47 Ill. App. 378, this court held: "The affidavit, writ and bond are a part of the same proceeding, and for the purpose of determining the identity of the bond, the date of suing out the writ and the court out of which it was sued may be considered together, not for the purpose of supplying the essential omissions in the bond, but to correct unessential recitals made for the sole purpose of identification of the bond with the suit. The part of the bond which recites the date of suing out the writ of replevin, and the court out of which it is sued, is not the statutory part of the bond. The statute does not require such recitals. Even if it did, and the whole proceedings taken together and considered as one should show the correct date, and the proper court, then such other papers would be resorted to for the purpose of identification. If such recitals were left blank, the obligatory part of the bond could stand and extraneous proof would have to be resorted to in order to identify the bond with the suit in which it was given." In that case the bond sued on recited that "Bollman Bros. Company had on the 22nd day of June, A. D. 1891, sued out of the ——————— Court of St. Clair county a writ of replevin," etc.,

whereas in truth the writ was sued out of the circuit court of Madison county on the 23rd of June. The court allowed a recovery on the bond in that case and under that authority we hold that even though appellant's testimony be taken as true in regard to the conditions under which he signed the bond, it constitutes no defense to a suit on the same.

The attorney for appellant testified that 2 days after appellant signed the bond, he, J. B. Harris, added the letter "s" to the word "defendant," inserted the name of "C. T. Cowgill" as a defendant and changed the date of the bond from April 13 to April 15 without the knowledge or consent of appellant. Said attorney is the only person testifying to this change having been made and appellant himself does not remember the date on which he signed the bond. Leaving out the questions of the propriety of attorney for appellant becoming a witness in the case of his own volition for his client and the credit which should be given his testimony under such conditions, yet, when we consider the nature of the testimony given by said attorney together with all the facts and circumstances in proof, we do not feel that there was anything in the proof in regard to said claimed changes in the bond which would warrant us in disturbing the verdict.

It is further contended by appellant that the trial court erred in not granting appellant's motion for a continuance. Appellant's tenth plea to the declaration alleged: "the said goods and chattels in the said writ of replevin mentioned at the said time when, etc., were the property of the said Mary Berkovitz, and not of the said Mathias Henderser and C. T. Cowgill, or either of them," etc. Appellee's replication originally filed to this plea averred "the right to possession of the said goods and chattels were found to be in Mathias Henderser and C. T. Cowgill." On the trial appellee attempted to show that at the time Mary Berkovitz took the goods under the writ, he held a chattel mort-

gage for $1,300 against them. Upon objection being sustained to this evidence, appellee asked for and obtained leave to file an amended replication to this plea, which in substance alleged the existence and ownership of such chattel mortgage; that appellee's usee had at or about April 13, 1915, taken possession of the goods under this mortgage and that therefore at the time of the issuance of the writ, Mrs. Berkovitz was not the owner of them. Upon the filing of this amended replication, appellant filed a motion for continuance supported by affidavit on the ground of surprise. Appellant has not abstracted this amended replication nor his affidavit for a continuance. Under the established rule "that no judgment will be reversed for errors which are not made to appear by the abstract" (*Amundson Printing Co. v. Empire Paper Co.*, 83 Ill. App. 440), we might well refuse to consider this assignment of error. However, it does not appear that appellant was in any way injured by the court's ruling. Altogether there were sixteen pleas filed to the declaration and the evidence shows the existence of the claimed chattel mortgage was known to all the parties at the time the replevin suit was tried, it being in fact introduced in evidence in the trial of that case. It was not error to refuse the motion.

It is also contended by appellant that the evidence shows appellee's usee took possession of the goods under his chattel mortgage after Mrs. Berkovitz had taken them from him on her writ of replevin, and that therefore appellee's usee did not lose the goods by reason of the replevin suit and is not entitled to recover their value in this case. That was one of the questions heard by the jury, and the proof appears to fully sustain the claim of appellee that he lost the goods by reason of the replevin writ and that they were not returned to him by the plaintiff in that suit. It is also contended the verdict is excessive. The affidavit and bond in the replevin suit are in evidence. The affi-

davit places the value of the goods at $700 and the bond was signed by appellant in the penal sum of $1,500, which is presumed to be twice the value of the goods. The value as stated in the affidavit and bond is presumed to be at least prima facie evidence of the value in a suit on the bond. (*Martin v. Hertz,* 224 Ill. 84.) Appellee's usee testified in effect the goods were worth $1,300. This proof on the part of appellee does not appear to have been overcome by the proof for appellant. While the testimony as to attorney's fees is somewhat conflicting, we do not feel that under all the proofs in the case the damages awarded are so excessive as to justify a reversal of the judgment.

No error of moment appears in the court's rulings on the evidence or instructions. The judgment will be affirmed.

*Affirmed.*