### In the Matter of the Conservatorship of Freelove B. Smalley. H. R. Budd, Conservator, Appellant.

APPEAL AND ERROR, § 731*—*what record and abstract must show.* Where the record and abstract are so imperfect as to render it impossible to acquire from them any correct idea of what transpired in the court on which the decree appealed from was based, the decree will be affirmed pro forma.

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

JESSE PEEBLES, for appellant.

A. S. CUTHBERTSON and THOMAS RINAKER, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal by H. R. Budd, conservator of Freelove B. Smalley, an insane person, from an order of the circuit court in relation to a report of the conservator of his acts and doings as such, which counsel for appellant says in his brief and argument "not only charged the conservator with this additional sum of $689.42, but he denied him any compensation for his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

services and charged that he had mismanaged the estate.''

The order appealed from recites that the said conservator, pursuant to an order of the county court, filed a report of his acts and doings as such conservator from the time of his appointment to the time of his resignation as such, and that a guardian *ad litem* appointed by the court objected to such account and that such objections were sustained, but no such report or objections are shown in the abstract and no such objections are shown in the record. The order also recites that the guardian *ad litem* was ordered to file and did file a statement of the account of said conservator showing the amount of moneys received and paid out by him and that the conservator filed objections thereto, but the abstract contains no further reference thereto than is contained in the order appealed from, and the record contains no such objections. It does contain some suggestions as to corrections of certain items in that account which may have been treated as objections. Neither does the record nor abstract show in the order appealed from or elsewhere what exceptions of either party were allowed or disallowed. The order appealed from also recites that the matter of accounting was referred to the master in chancery and that he made a report to which objections were filed and that such objections were heard in the circuit court as exceptions to such report, but neither the abstract nor the record discloses whether such exceptions were ever passed upon by the court or not. Neither is the abstract indexed as required by the rules of this court. Neither is there in the entire brief and argument of appellant any reference to pages in the abstract where any matter referred to can be found.

All in all, the record and abstract are so imperfect as to render it impossible to acquire from them any correct idea of what transpired in the court on which

the decree appealed from was based.   The decree is therefore affirmed pro forma.

*Decree affirmed.*