## A. J. Sellers, Appellee, v. Puritan Product Company, Appellant.

1. COURTS, § 31*—*when record does not comply with rules of Appellate Court.* Record considered and *held* not to comply with the rules of the Appellate Court as to the arrangement of the record according to the chronological order of the parts nor as to the manner of preparing the record with regard to numbering of the pages, references, etc.

2. APPEAL AND ERROR, § 893*—*when judgment not shown by abstract.* Where the abstract fails to show any judgment was entered by the trial court except by two references, one of which states "Page of Record, 10, Judgment," on which page of the record no judgment appears, and the other of which merely contains the words "Judgment or Verdict," there is no judgment whereon to base a review.

3. APPEAL AND ERROR, § 1096*—*what matters are improperly included in brief.* It is improper, under rule 23 of the Appellate Court, for an appellant to incorporate in his brief errors assigned upon the record which are not argued.

4. APPEAL AND ERROR, § 1712*—*when error assigned is waived.* Errors assigned which are not argued in the brief filed are waived.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

HERRICK & HERRICK and E. B. MITCHELL, for appellant.

A. F. MILLER and. GRAY & DE BOICE, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The several parts of the record, filed in this case, are not arranged according to their chronological order and rules nine and ten of this court in reference to the manner of preparing records of inferior courts have been wholly disregarded.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The pages of the record are not numbered, but the abstract, except the last ten pages thereof, purports to contain references to various pages of the record by numerals on the margin. In the last ten pages of the abstract no references whatever are made to the record.. The bill of exceptions is first set out in the record and covers more than. two hundred pages. The abstract refers to pages, from one to ten both inclusive, as showing the placita, copy of process, pleadings, verdict of jury and judgment of the court, none of which appear on such pages, and then again refers to pages six, seven, eight and ten as being parts of the bill of exceptions. It does not appear from the abstract that there was a judgment against the appellant, for the rendition of which it has assigned error. The only attempts to show a judgment are on pages two and ninety-four of the abstract. On page two appears the words, "Page of Record,. 10, Judgment." No judgment appears on such page of the record. On page ninety-four of the abstract, appears the words, "Judgment on Verdict," with no reference to a page in the record. Words like "Judgment" or "Judgment on verdict" are a mere index, and do not furnish material upon which to base grounds for reversal. Where the abstract fails to show any judgment was entered by the trial court, there is nothing to review. *People v. Shapiro*, 203 Ill. App. 292; *Flaningham v. Hogue*, 59 Ill. App. 315; *Amundson Printing Co. v. Empire Paper Co.*, 83 Ill. App. 440.

Rule twenty-three requires appellants to make a statement, in their briefs, of the errors relied upon for a reversal. No others are to be stated. There are twenty-three errors assigned upon this record, many of which are without merit, and instead of assigning the errors it intends to argue and rely upon for a reversal, as required by the rule, appellant incorporated in its brief the twenty-three errors assigned

upon the record, and then argues but few of them: All errors assigned and not argued in the brief filed are waived. (*Harvester Co. v. Industrial Board*, 282 Ill. 489, 492.) There is no point in stating alleged errors in a brief that are not to be argued and relied upon, unless it be to show a disregard for the rule of court or to increase the compensation of the printer of such a brief.

For the reasons above indicated the judgment of the trial court will be affirmed.

*Judgment affirmed.*