## G. A. Deterding, Appellee, v. Central Illinois Public Service Company, Appellant.

1. APPEAL AND ERROR—*duty of appellant to furnish complete abstract.* It is the duty of a party bringing to the Appellate Court a record for review to furnish a complete abstract or abridgment of that record so that the court can see from it all that is necessary in order to pass upon the errors assigned and argued.

2. APPEAL AND ERROR—*necessity that reasons for reversing judgment or decree appear by abstract.* The record on appeal will not be searched for reasons to reverse the judgment or decree, but such reasons must be made to appear by the abstract.

3. APPEAL AND ERROR—*materiality of rulings of trial court on motion for new trial.* The rulings of the trial court on motion for new trial are material for the Appellate Court to know.

4. APPEAL AND ERROR—*necessity that judgment be shown.* A judgment will not be reversed by the Appellate Court unless a judgment is shown.

5. APPEAL AND ERROR—*when abstract is insufficient.* An abstract which fails to show that any judgment was rendered or that the motion for a new trial was ever heard or disposed of is insufficient and the judgment will be affirmed on that ground.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS E. FORD, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921.

VAUSE & KIGER, for appellant; HOGAN & REESE, of counsel.

LESLIE J. TAYLOR and R. C. NEFF, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an action in case for damages claimed to have resulted to appellee from the obstruction of a natural watercourse whereby the lands of appellee were submerged in times of high water and the crops thereon injured. The jury found the issues against appellant and assessed appellee's damages at $520. The abstract filed in this case does not show that any judgment was ever rendered in this case, no reference to a judgment is made in it anywhere, or that the motion for a new trial was ever heard or disposed of. Even in the argument of counsel for appellant, no mention is made of what the judgment appealed from was, although in one place they do say "the verdict and judgment in this case was wholly unwarranted," and again "a reversal of the judgment of the circuit court must be had."

It is the duty of a party bringing to this court a record for review to furnish a complete abstract or abridgment of that record so that this court can see from it all that is necessary to know in order to pass upon the errors assigned and argued. It has long been the rule in this court that the record will not be searched for reasons to reverse a judgment or decree but that such reasons must be made to appear by the abstract. The rulings of the court on motion for a new trial are material for this court to know and a judgment will not be reversed by this court unless a judgment is shown. *Sellers v. Puritan Product Co.*, 217 Ill. App. 617; *In re Smalley*, 217 Ill. App. 488; *Prairie State Grain & Elevator Co. v. Wrede*, 217 Ill. App. 407; *Jenkins v. Lahey*, 216 Ill. App. 613;

*Coñsumers' Mut. Oil Co. v. Western Petroleum Co.*, 216 Ill. App. 382; *Dunlap v. Brotherhood of Ry. Trainmen*, 214 Ill. App. 376; *Warner v. Armstrong*, 214 Ill. App. 188; *Barber v. Mellish-Hayward Co.*, 209 Ill. App. 299; *Stevenson v. Knights of Pythias*, 209 Ill. App. 69. Authorities might be multiplied but it is useless. The judgment of the circuit court is affirmed for want of a sufficient abstract.

Notwithstanding the fact that this judgment is affirmed for want of a sufficient abstract, we have carefully read and considered the briefs and arguments filed by the respective parties and the abstract of the record, such as it is, and much of the record itself, and are satisfied that the judgment should be affirmed on its merits.

*Judgment affirmed.*