## John Harris, Appellee, v. Frank Mickle, Appellant.
## Gen. No. 30,067.

1. Appeal and error—*points not argued considered as waived.* Assignments of error not argued in the brief are considered as waived.

2. Landlord and tenant—*leasehold proper subject matter of sale.* Leasehold of one operating restaurant was proper subject matter of a sale along with the business.

3. Landlord and tenant—*purchase of business as equitable owner of leasehold.* Under an agreement for sale of restaurant business and assignment of lease, held that purchaser became equitable owner of leasehold, seller of business retaining legal title thereto as additional security for payment of mortgage notes.

4. Landlord and tenant—*implied warranty as to right to assign lease.* Agreement on sale of restaurant business to assign lease when notes were paid amounted to an implied warranty on seller's part that he had a legal right to assign the lease.

5. Landlord and tenant—*measure of damages for failure to assign lease.* Where lessee operating restaurant sold business and agreed to assign lease on payment therefor, but after payment lessor refused to accept purchaser as tenant except on payment of higher rent, and seller assisted in obtaining a new lease at higher rent, measure of damages for breach of agreement to assign lease was difference between old rent and new rent.

6. Landlord and tenant—*when agreement to assign lease not void.* Agreement of lessee selling business to assign lease was not void because the lease provided that it could not be assigned without written consent of the landlord, such provision being for the benefit of the landlord only.

7. Appeal and error—*no review in absence of assignment.* No complaint can be made on appeal of the giving of a certain instruction where no error has been assigned on the giving of instructions.

Appeal by defendant from the Circuit Court of Cook county; the Hon. Kickham Scanlan, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Affirmed. Opinion filed October 6, 1925.

William A. Bither, for appellant.

B. F. Richolson, for appellee; James P. Graham, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment against defendant for $1,935, rendered after verdict by the circuit court of Cook county in an action in assumpsit for damages occasioned by the failure of defendant, lessee, to assign a certain lease of a building, known as 3852 South State street, Chicago, and used as a restaurant, in accordance with the terms of a written agreement.

The suit was commenced on March 14, 1922. Plaintiff's declaration, consisting of one count, alleged in substance that on January 27, 1920, defendant was the owner and possessed of certain goods and fixtures used in said building, which building had been leased to him by one Bunde under written lease, expiring April 30, 1924, and providing for the payment by defendant of the monthly rental of $115 during the term; that by written agreement, dated January 27, 1920, defendant sold said goods and fixtures and said restaurant to plaintiff and agreed to assign to him said lease for the total consideration of $7,500; that it was recited in the agreement (set out *in hæc verba*) that plaintiff had paid $3,500 in cash on account of the purchase price and had received a bill of sale from defendant of said goods and fixtures, and had given a chattel mortgage thereon to defendant, securing the balance of the purchase price of $4,000, to be paid in instalments, as evidenced by seventeen notes, the first being due on April 1, 1920, and the last on August 1, 1921; that, in consideration of the foregoing, it was agreed that from and after the date of the agreement plaintiff would pay to the lessor, Bunde, the monthly rent of $115, during the term of the lease, and that ''as soon as second party (plaintiff) shall complete the payments due on the notes given under the chattel mortgage aforesaid, first party (defendant) will thereupon assign all his right, title and interest in and to the said lease    *    *    *

to said second party (plaintiff)''; that plaintiff completed the payments due on the chattel mortgage notes, and although he often requested defendant to assign to him all of defendant's right, title and interest in said lease, the latter failed and refused so to do; that, in consequence thereof and to secure his enjoyment of the use and occupancy of said building, plaintiff ''was forced to and did upon September 25, 1920, enter into a lease with the said Bunde as lessor and himself as lessee,'' for a term beginning October 1, 1920, and ending April 30, 1926, at a monthly rental of $160; and that thereby he has paid or has become obligated to pay from October 1, 1920, until April 30, 1924 (the end of the term of the former lease), $45 more each month for 43 months, to his damage in the sum of $1,935, for which sum he brings his suit, etc. Defendant filed a plea of the general issue.

The trial was had in November, 1924, and the jury returned a verdict finding the issues for plaintiff and assessing his damages at $1,935. After defendant's motions for a new trial and in arrest of judgment had been overruled the judgment appealed from was entered against defendant on January 3, 1925. It was stipulated that the original bill of exceptions, instead of a copy, might be incorporated in the transcript to be filed in this Appellate Court; and in said bill, duly certified by the trial judge, there is the statement, evidently in the handwriting of said judge, that ''on the motion for a new trial defendant's counsel said he relied on only two points in support of his motion (1) a variance between the allegations of the declaration and the proof; (2) there was no evidence that the plaintiff paid the rent called for in the second lease.'' Even if these points could be held as being included in defendant's ten assignments of error as made in this Appellate Court, they are not argued in his counsel's brief here filed, and, hence, must be considered as waived. (*Glos v. Davis*, 216 Ill. 532, 534;

*International Harvester Co. of New Jersey v. Industrial Board of Illinois*, 282 Ill. 489, 492; *Sellers v. Puritan Product Co.*, 217 Ill. App. 617, 619.) Such of defendant's assignments of error as may be considered as having been argued in said brief are (1) the refusal of the court to instruct the jury to find the issues for defendant as per motions to that effect made by him at the close of plaintiff's evidence and at the close of all the evidence; and (2) the verdict and judgment are against the law and the evidence.

Plaintiff and defendant were the only witnesses who testified. Plaintiff introduced in evidence the agreement of January 27, 1920, defendant's bill of sale to him, the chattel mortgage, certain of the mortgage notes marked paid, and the second lease from Bunde to plaintiff, all as mentioned in the declaration. It appears that plaintiff paid to defendant the last mortgage note on September 12, 1921, about one month after its maturity, but about six months before the present suit was commenced. Both before and after the payment of all of the mortgage notes plaintiff frequently requested defendant that he assign to him, or give him possession of, the first lease from Bunde to defendant, but defendant refused these requests, and said lease was not introduced in evidence. It was not disputed, however, that its terms were as stated in the declaration. Further facts were disclosed from the testimony, in substance as follows: Plaintiff took possession of the building on January 27, 1920, and thereafter conducted a restaurant business therein. He had been an employee of defendant in the restaurant. On February 1, 1920, he mailed a check of $115 to Bunde for the February, 1920, rent, but the latter returned the check to him without comment. He immediately informed defendant of these happenings, and, at defendant's suggestion, he paid the monthly rent to defendant and the latter sent a check therefor to Bunde until and including September, 1920. During that month Bunde, by agent, in-

formed plaintiff that he did not sanction plaintiff's tenancy and would not agree to any assignment of the lease to plaintiff (evidently because his consent thereto had not previously been secured), and that plaintiff would have to vacate the building or sign a new lease himself to Bunde at the increased monthly rental of $160. Plaintiff immediately notified defendant of the position Bunde had taken, and thereafter negotiations were had between the agent of Bunde and plaintiff and defendant and their respective attorneys, which finally resulted in the execution on September 25, 1920, with defendant's knowledge and consent, of the second lease from Bunde to plaintiff at said increased monthly rental, and for a term two years longer than the unexpired term of the first lease. Defendant *signed this lease as a guarantor,* guaranteeing to Bunde that plaintiff would pay the stipulated rent and would perform all of his covenants and agreements mentioned in the lease. Thereafter plaintiff continued to run the restaurant in said building, retaining possession under said second lease.

Under all the facts and circumstances disclosed we are of the opinion that the trial court did not err in refusing to instruct the jury to find for the defendant, and that the verdict and judgment are not against the law or the evidence. The total consideration for the sale to plaintiff of the goods and fixtures in the restaurant, the good will of the restaurant and the unexpired leasehold of the building, was $7,500, as disclosed from said agreement of January 27, 1920. The evidence is undisputed that the value of the goods and fixtures at the time did not exceed $3,500, so that it appears that said good will and the leasehold agreed to be assigned represented about $4,000 of said total consideration, of which the unexpired leasehold at its stipulated rental formed a considerable part. Such leasehold was the proper subject matter of a sale. (*Barrett v. Trainor,* 50 Ill. App. 420; *Potts Drug Co. v. Benedict,* 156 Cal. 322, 328.) And we think, under

the terms of the agreement, that plaintiff became the equitable owner of the leasehold,—defendant retaining the legal title thereto as additional security for the payment of plaintiff's mortgage notes. Defendant allowed plaintiff to take the possession which he formerly had under the lease, and positively agreed that, when plaintiff's notes were paid, he would assign to him all his interest in the lease, which had several years to run. We think that this agreement amounted to an implied warranty on his part that he had the legal right to assign the lease. (*Scaling v. Knollin*, 94 Ill. App. 443, 448; *Linton v. Porter*, 31 Ill. 107.) Plaintiff enjoyed the possession of the building until September, 1920, when the landlord notified both parties that either plaintiff must vacate the building or sign a new lease therefor at an increased rental. Under the terms of the agreement we think that defendant was then bound to make an arrangement with the landlord, whereby plaintiff could continue in the possession of the building, until the expiration of the term of the existing lease, without paying a monthly rental of more than the $115, mentioned therein, and, if defendant did not do so, plaintiff might have treated the agreement at an end and then have sued for damages. (*McDonnell Motor Hauling Co. v. Morgan Const. Co.*, 151 Ark. 262.) While defendant did not make such arrangement with the landlord, another arrangement was made, with defendant's consent, whereby the landlord made a new lease to plaintiff at the increased monthly rent, and defendant, in writing on the new lease, guaranteed the payment by plaintiff of the rent as increased, which increase amounted to $45 per month, or a total sum of $1,935 for the remainder of the term of the former lease. We think that under the circumstances this sum, as found by the jury, properly represents the amount of damages suffered by plaintiff by reason of defendant's breach of the agreement of January 27, 1920, to assign the former lease to plaintiff. Said former lease was not

introduced in evidence, but if it contained a clause (as it probably did) to the effect that defendant should not assign it without the written consent of the landlord, that clause and the fact that defendant agreed to assign the lease to plaintiff when he had paid his mortgage notes did not render said agreement void. (*Webster v. Nichols,* 104 Ill. 160.) Such a clause is for the benefit of the landlord only (*Webster v. Nichols, supra*), and, in our opinion, should not prevent, under the peculiar facts in evidence, a recovery by plaintiff of the damages, as assessed by the jury.

Defendant's counsel also complains of the giving to the jury of a certain instruction offered by plaintiff. The point is not properly before us as no errors are assigned on the *giving* of instructions. We have, however, examined the instruction and think it contains a correct statement of the law as applied to the facts in evidence and that it was properly given.

Our conclusion is that the judgment of the circuit court should be affirmed and it is so ordered.

*Affirmed.*

BARNES, P. J., and FITCH, J., concur.